## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **Lakeview Loan Servicing, LLC** | **CIVIL ACTION NO:** |
| **Plaintiff** | **COMPLAINT** |
| vs. | **RE:**<br>15 Lindsey Lane, West Gardiner, ME 04345 |
| **Andrew S. Brann and Linda J. Brann** | Mortgage:<br>January 5, 2017<br>Book 12515, Page 216<br>Kennebec Registry of Deeds |
| **Defendants**<br>**The United States of America through The Secretary of Housing and Urban Development** | |
| **Party-In-Interest** | |

NOW COMES the Plaintiff, Lakeview Loan Servicing, LLC, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Andrew S. Brann and Linda J. Brann, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Lakeview Loan Servicing, LLC, in which the Defendant, Andrew S. Brann, is the obligor and the total

  amount owed under the terms of the Note is One Hundred Eighty-Nine Thousand Two Hundred Sixteen and 32/100 ($189,216.32) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Lakeview Loan Servicing, LLC is a Limited Liability Corporation with its principal place of business located at 4425 Ponce De Leon Boulevard, Mailstop MS5/521, Coral Gables, FL 33146.  The sole member of Lakeview Loan Servicing is Bayview MSR Opportunity Corporation, a Delaware Corporation with its principal place of business located at 4425 Ponce De Leon Boulevard, Mailstop MS5/521, Coral Gables, FL 33146.

5. The Defendant, Andrew S. Brann, is a resident of Tarpon Springs, County of Pinellas and State of Florida.

6. The Defendant, Linda J. Brann, is a resident of West Gardiner, County of Kennebec and State of Maine.

7. The United States of America through The Secretary of Housing and Urban Development, is located at 451 Seventh Street SW, Washington, DC 20410 and jurisdiction exists pursuant 28 U.S.C. §§ 1332(a)(1) and 2410(a) *see, Bautista Cayman Asset Co., v. Asociacion De Miembros De P.R.*, 17 F.4th 167, 171 (1st Cir. 2021).

## FACTS

8. On March 31, 2015, by virtue of a Quitclaim Deed with Covenant from Michal D. Brann and Angela L. Brann, which is recorded in the Kennebec Registry of Deeds in **Book 12022, Page 128**, the property situated at 15 Lindsey Lane, City/Town of West Gardiner, County of Kennebec, and State of Maine, was conveyed to Andrew S. Brann and Linda J. Brann, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

9. On July 31, 2019 by virtue of a Quitclaim Deed (Release) from Andrew S. Brann which is recorded in the Kennebec Registry of Deeds in **Book 13287, Page 37**, the property situated at 15 Lindsey Lane, City/Town of West Gardiner, County of Kennebec, and State of Maine, was conveyed to Linda J. Brann, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

10. On January 5, 2017, Defendant, Andrew S. Brann, executed and delivered to American Financial Resources, Inc. a certain Note under seal in the amount of $151,353.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

11. To secure said Note, on January 5, 2017, Defendants, Linda J. Brann and Andrew S. Brann, executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for American Financial Resources, Inc., securing the property located at 15 Lindsey Lane, West Gardiner, ME 04345 which Mortgage Deed is recorded in the Kennebec Registry of Deeds in **Book 12515, Page 216**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to Lakeview Loan Servicing, LLC by virtue of an Assignment of Mortgage dated July 27, 2022, and recorded in the Kennebec Registry of

Deeds in **Book 14525**, **Page 278**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was further assigned to Lakeview Loan Servicing, LLC by virtue of a Quitclaim Assignment dated August 17, 2023, and recorded in the Kennebec Registry of Deeds in **Book 14893**, **Page 70**. *See* Exhibit E (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

14. On May 27, 2022, the Defendant, Andrew S. Brann, executed a Loan Modification Agreement which adjusted the principal amount of the Note to $133,730.47 (herein after referred to as the "Loan Modification"), which acknowledged the enforceability of both the Note and Mortgage as of that date by that holder. That enforceability remains effective as of today's date by the Plaintiff and provides the Plaintiff with standing in this foreclosure and sale action. *See* Exhibit F (a true and correct copy of the Loan Modification is attached hereto and incorporated herein)

15. On November 2, 2023, the Defendants, Andrew S. Brann and Linda J. Brann, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit G (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

16. The Demand Letter informed the Defendants, Andrew S. Brann and Linda J. Brann, of the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit G.

17. The Defendants, Andrew S. Brann and Linda J. Brann, failed to cure the default prior to the expiration of the Demand Letter.

18. The Plaintiff, Lakeview Loan Servicing, LLC, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical

possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

19. The Plaintiff, Lakeview Loan Servicing, LLC, is the lawful holder and owner of the Note and Mortgage.

20. The Plaintiff, Lakeview Loan Servicing, LLC, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

21. The United States of America through The Secretary of Housing and Urban Development is a Party-in-Interest pursuant to a Subordinate Mortgage in the amount of $32,954.53 dated January 2, 2022, is in Second position behind Plaintiff's Mortgage. *See* Exhibit H

22. The total debt owed under the Note and Mortgage as of December 13, 2023, is One Hundred Eighty-Nine Thousand Two Hundred Sixteen and 32/100 ($189,216.32) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $142,886.96 |
| Interest | $21,610.16 |
| Escrow Advance | $23,540.94 |
| Deferred Amounts | $268.02 |
| Late Fees | $238.24 |
| Lender Paid Expenses | $585.00 |
| Mortgage Insurance Premium | $87.00 |
| Grand Total | $189,216.32 |

23. Upon information and belief, the Defendants, Andrew S. Brann and Linda J. Brann, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

24. The Plaintiff, Lakeview Loan Servicing, LLC, repeats and re-alleges paragraphs 1 through 23 as if fully set forth herein.

25. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 15 Lindsey Lane, West Gardiner, County of Kennebec, and State of Maine. *See* Exhibit A.

26. The Plaintiff, Lakeview Loan Servicing, LLC, is the holder of the Note referenced in Paragraph 8 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Lakeview Loan Servicing, LLC, has the right to foreclosure and sale upon the subject property.

27. The Plaintiff, Lakeview Loan Servicing, LLC, is the current owner and investor of the aforesaid Mortgage and Note.

28. The Defendants, Linda J. Brann and Andrew S. Brann, are presently in default on said Mortgage and Note, having failed to make the monthly payment due May 1, 2020, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

29. The total debt owed under the Note and Mortgage as of December 13, 2023 is One Hundred Eighty-Nine Thousand Two Hundred Sixteen and 32/100 ($189,216.32) Dollars.

30. The record established through the Kennebec Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

31. By virtue of the Defendants, Linda J. Brann and Andrew S. Brann's, breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

32. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendants, Andrew S. Brann and Linda J. Brann, on November 2, 2023, evidenced by the Certificate of Mailing. *See* Exhibit G.

33. The Defendants, Andrew S. Brann and Linda J. Brann, are not in the Military as evidenced by the attached Exhibit I.

34. If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property.

## COUNT II – BREACH OF NOTE

35. The Plaintiff, Lakeview Loan Servicing, LLC, repeats and re-alleges paragraphs 1 through 34 as if fully set forth herein.

36. On January 5, 2017, the Defendant, Andrew S. Brann, executed under seal and delivered to American Financial Resources, Inc. a certain Note in the amount of $151,353.00. *See* Exhibit B.

37. The Defendant, Andrew S. Brann, is in default for failure to properly tender the May 1, 2020 payment and all subsequent payments. *See* Exhibit G.

38. The Plaintiff, Lakeview Loan Servicing, LLC, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Andrew S. Brann.

39. The Defendant, Andrew S. Brann, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

40. The Defendant, Andrew S. Brann's, breach is knowing, willful, and continuing.

41. The Defendant, Andrew S. Brann's, breach has caused Plaintiff, Lakeview Loan Servicing, LLC, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

42. The total debt owed under the Note and Mortgage as of December 13, 2023, if no payments are made, is One Hundred Eighty-Nine Thousand Two Hundred Sixteen and 32/100 ($189,216.32) Dollars.

43. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

44. If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

45. The Plaintiff, Lakeview Loan Servicing, LLC, repeats and re-alleges paragraphs 1 through 44 as if fully set forth herein.

46. By executing, under seal, and delivering the Note, the Defendant, Andrew S. Brann, entered into a written contract with American Financial Resources, Inc. who agreed to loan the amount of $151,353.00 to the Defendant. *See* Exhibit B.

47. As part of this contract and transaction, the Defendants, Linda J. Brann and Andrew S. Brann, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

48. The Plaintiff, Lakeview Loan Servicing, LLC, is the proper holder of the Note and successor-in-interest to American Financial Resources, Inc., and has performed its obligations under the Note and Mortgage.

49. The Defendants, Linda J. Brann and Andrew S. Brann, breached the terms of the Note and Mortgage by failing to properly tender the May 1, 2020, payment and all subsequent payments. *See* Exhibit G.

50. The Plaintiff, Lakeview Loan Servicing, LLC, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Andrew S. Brann.

51. The Defendants, Linda J. Brann and Andrew S. Brann, having failed to comply with the terms of the Note and Mortgage, are in breach of contract.

52. The Defendants, Linda J. Brann and Andrew S. Brann, are indebted to Lakeview Loan Servicing, LLC in the sum of One Hundred Eighty-Nine Thousand Two Hundred Sixteen and 32/100 ($189,216.32) Dollars, for money lent by the Plaintiff, Lakeview Loan Servicing, LLC, to the Defendants.

53. Defendants, Linda J. Brann and Andrew S. Brann's, breach is knowing, willful, and continuing.

54. Defendants, Linda J. Brann and Andrew S. Brann's, breach has caused Plaintiff, Lakeview Loan Servicing, LLC, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

55. The total debt owed under the Note and Mortgage as of December 13, 2023, if no payments are made, is One Hundred Eighty-Nine Thousand Two Hundred Sixteen and 32/100 ($189,216.32) Dollars.

56. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

57. If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant but only seeks *in rem* judgment against the property.

## COUNT IV –UNJUST ENRICHMENT

58. The Plaintiff, Lakeview Loan Servicing, LLC, repeats and re-alleges paragraphs 1 through 57 as if fully set forth herein.

59. American Financial Resources, Inc., predecessor-in-interest to Lakeview Loan Servicing, LLC, loaned the Defendant, Andrew S. Brann, $151,353.00.  *See* Exhibit B.

60. The Defendants, Linda J. Brann and Andrew S. Brann, have failed to repay the loan obligation.

61. As a result, the Defendants, Linda J. Brann and Andrew S. Brann, have been unjustly enriched to the detriment of the Plaintiff, Lakeview Loan Servicing, LLC as successor-in-interest to American Financial Resources, Inc. by having received the aforesaid benefits and money and not repaying said benefits and money.

62. As such, the Plaintiff, Lakeview Loan Servicing, LLC, is entitled to relief.

63. If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Lakeview Loan Servicing, LLC, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, Lakeview Loan Servicing, LLC, upon the expiration of the period of redemption;

c) Find that the Defendant, Andrew S. Brann, is in breach of the Note by failing to make payment due as of May 1, 2020, and all subsequent payments;

d) Find that the Defendants, Linda J. Brann and Andrew S. Brann, are in breach of the Mortgage by failing to make payment due as of May 1, 2020, and all subsequent payments;

e) Find that the Defendants, Linda J. Brann and Andrew S. Brann, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendants, Linda J. Brann and Andrew S. Brann, are in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due May 1, 2020 and all subsequent payments;

g) Find that the Plaintiff, Lakeview Loan Servicing, LLC, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendants, Linda J. Brann and Andrew S. Brann have been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, Lakeview Loan Servicing, LLC, to restitution;

j) Find that the Defendants, Linda J. Brann and Andrew S. Brann, are liable to the Plaintiff, Lakeview Loan Servicing, LLC, for money had and received;

k) Find that the Defendants, Linda J. Brann and Andrew S. Brann, have appreciated and retained the benefit of the Mortgage and the subject property;

l) Find that it would be inequitable for the Defendants, Linda J. Brann and Andrew S. Brann, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

m) Find that the Plaintiff, Lakeview Loan Servicing, LLC, is entitled to restitution for this benefit from the Defendants, Linda J. Brann and Andrew S. Brann;

n) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

o) Additionally, issue a money judgment against the Defendants, Linda J. Brann and Andrew S. Brann, and in favor of the Plaintiff, Lakeview Loan Servicing, LLC, in the amount of One Hundred Eighty-Nine Thousand Two Hundred Sixteen and 32/100 ($189,216.32) Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs (If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property);

p) For such other and further relief as this Honorable Court deems just and equitable.

                                            Respectfully Submitted,
                                            Lakeview Loan Servicing, LLC,
                                            By its attorneys,

Dated: December 22, 2023

                                            <u>/s/Reneau J. Longoria, Esq.</u>
                                            Reneau J. Longoria, Esq. Bar No. 005746
                                            Attorney for Plaintiff
                                            Doonan, Graves & Longoria, LLC
                                            100 Cummings Center, Suite 303C
                                            Beverly, MA 01915
                                            (978) 921-2670
                                            RJL@dgandl.com